Our next case is Omega Patents, LLC v. BMW of North America, LLC Docket Number 22-2012 Mr. Santuri, Counsel Santuri Yes, Your Honor Yes, this way just a minute, everybody ready? All right, you may go if you want May I please report? Your Honor, we're here because the Patent Office took two very different references, elected to put them together Can you get a little closer to your mic? Yes, Your Honor Your Honor, we're here before the Court because the PTAB erred by combining two references that failed to disclose the claim they mentioned and that if one were to try to combine them, they actually destroyed the operability of those references I do want to focus initially on the references themselves The first of the two references we're talking about is the Hassan reference That reference was directed to a remote start of the vehicle in enclosed spaces So this was the idea that the inventor was concerned with making sure that if one were to start the vehicle in a parking structure or something like that there were adequate checks to make sure that there wasn't a load of carbon monoxide So there were various sensors, there were actually visual sensors around it, carbon monoxide sensors There was a time limit to make sure that it didn't continue to run forever The parties agreed that Hassan itself doesn't disclose all of the elements of the fleet patents issued in this case In particular, Hassan, although it is a remote start patent, it does not disclose anything about sending a parking brake command on the vehicle's data bus So let me see if I get your argument You're arguing that Hassan and Brazil do not teach the limitations in the patent mainly because if you seek to combine them, you'll result with an element that's inoperable So we actually have two separate points here One, yes, the conditions that are required for the Hassan patent for that remote start system to operate Those conditions are the opposite of those conditions required for the Brazil patent to operate So that is one issue The second issue is that And that's because safety is a concern here Well, certainly each of these patents considered safety The inventors considered safety for various features But just to globally say that safety leads us to put these two disparate references together We believe it's too generalized and would essentially invalidate a whole host of vehicle patents If that's all it took Everyone wants a safer vehicle Everyone wants more convenient features All we need to say is, well, gee, this would make it safer That's really no more than saying it would make the system better And I think the support in the active video case has said that's not good enough Where does the inoperability come in? When the driver, let's say, starts the car remotely And the car starts up and the climate control kicks in or something Goes and gets in the car The minute they sit down and try to use the manual key You're saying that's when everything becomes inoperable? Generally speaking, yes, Your Honor So someone with a Hassan system can start the vehicle remotely However, in order to actually have a parking brake on a reversal There has to be this imminent start detected Which is movement of the vehicle and occupant in the seat A key in the ignition Those are all things that terminate the remote start of the Hassan So essentially what you have is Yes, you can remote start the car But in order to get the parking brake to actuate You would take steps that would actually terminate starting So you can start the car and then ultimately the car will be stopped And then a parking brake can be actuated In order to locally start the vehicle Now I do think that I mentioned earlier that these references are very difficult Your argument may have a little bit more force I think, than what it does If it directed the argument to a motivation to combine What you're looking at, you're attacking the references separately As opposed to together I don't believe so, Your Honor I mean, we are attacking We're attacking, we're looking at the references as a whole And we're attacking the combination of them Because the combination of them destroys the operability Of the functionality that the BMW and the board are trying to merge This Verzal patent is kind of a It's a quirky patent I still don't exactly understand the purpose of it But essentially this is a patent where You go and get in the vehicle And at that point when someone is physically there The vehicle actuates the parking brake Parking brake is not on the data bus It's a direct connect parking brake And part of that Verzal patent was using a secondary power source So rather than using a parking brake that according to Verzal Could drain the battery while the thing remains on its own This is a secondary source for brake And according to Verzal Verzal believes that Apparently that rolling away is a concern When somebody is physically in the vehicle I'm not sure I understand that concern But that is the concern That was the concern of Verzal So really our contention in terms of the In terms of these two Combining these two references is A. That you can't combine them without destroying them I know that BMW has argued That this case In Ray Lutet Precludes us from the environment As they claim that we are Sort of attacking references separately But that in Ray Lutet decision That BMW relies upon Specifically says that You can't merge two If you're trying to merge two references together Yes it's a problem to attack them separately But if you were trying to merge Two paths together in a way That destroys the probability That's a problem That's not a way to get to opportunities Now we do also Address the motivation to combine And this really goes to Another of the arguments we made There were two experts That submitted declarations In this case BMW's expert was also opposed Their expert Claimed that it was well known That rolling away Was A problem in the remote start Context The problem is that there was no Support for that. Certainly he pointed to Bersel, but everybody agrees That wasn't remote starting for Google That was simply starting it locally Beyond that When their expert was opposed He couldn't cite any Industry stats or references Or anything that suggested to him And supported the notion in his position That rolling away was a problem So from our perspective We believe that this was a simply Conclusive re-expert testimony That the board wholly accepted In terms of finding that this was a problem And in fact the only One to actually identify this To be a problem In respect to remote starting Was Mr. Flick when he filed These patents Now there is one other issue That we have raised with the court With regard to these experts And that is the idea that The board reduces discretion In failing to consider Omega's expert Here we have a situation Where two different experts Have very different testimony BMW's expert says Sure there's a motivation behind Because of this rolling away The only thing he can reference is Rolling away in the context of local starting And acknowledged in deposition That he wasn't aware of any studies Or other support for this position The board never Makes express reference To Omega's expert Other than a footnote number one In the opinion that says Both parties submitted expert Testimony Why isn't that enough for us to have confidence That they were aware of it clearly And they must have considered it And given your expert's analysis The weight they thought it deserved Well your honor I don't think that Is consistent with this court's Opinions in cases like M. Ray Lee That require a substantive Explanation of why The board went the way they went With the evidence Here you have the board burdens The evidence And the only two pieces of evidence That seem to be related to motivation Combined is two experts One the board references half a dozen times And says we adopt what he says We like him He has this well reasoned Opinion That found that it's well known In the remote starting world Of rolling away that he acknowledged In that way he didn't have any Sources for that On the other hand we have Mr. McAlexander Citing the fact that he couldn't At the point of skill he couldn't possibly combine these And he wasn't aware of anyone Other than Mr. Flitt that recognized Rolling away would be a problem The board failed to provide any Testimony And here we are today I don't understand They talked about the experts Opinion that they believe Credible and that they adopted What more do they need to do The whole point of the board having to explain It's reasoning is for us to be Able to review their decision making And we know what the basis for their Decision is it's that they Adopted one expert Well I guess I take It sounds like you're asking us to grade Their paper and say they got a B minus On their writing because they didn't Fully analyze the issue but I mean as long as they didn't fail On giving a reason then It's not a procedural error Your honor I guess I take This court's decision in Rayleigh to be To require more of that In the sense that here The board said We accept BMW's position Without any explanation as to why Contrary evidence the only Really when you have two pieces of evidence And you have completely contradictory evidence It's BMW's burden to prove The ponderance of the evidence And the board says yeah we'll take his guy Even though in depo he said he didn't really know anything I think that's where we are But given the way The arguments were made Did the board give us enough By which we can discern With reasonable certainty The path of it's reasoning Well your honor No I don't with respect to With respect to affirming that decision No I believe that the board Why not? We know what their decision is We know what evidence they relied on You're pointing to evidence In the record that detracts from that We can look at it and determine whether Their expert is good enough substantial evidence Or not. Whatever reason The board had for disregarding Your evidence is kind of Irrelevant on appeal because We know what the board's decision is And we're reviewing it for substantial evidence Your honor Without my understanding how the board Why the board discounted certain evidence Who cares what the board Why the board discounted the evidence That's not a basis for our review But how do we From my perspective Yeah I know you would like a better opinion You didn't get it. It doesn't mean that we're going to Reverse it to give you a better opinion on a review Our job The whole point of those cases is If the board has not sufficiently Explained its analysis For us to review Then we'll send it back But they have. You don't like it You wish they would have addressed Your expert evidence Maybe the better course is for them To do it but what's the legal Error that entitles you to A remand. Respectfully your honor I think that in this context I don't know how you Make a determination as to substantial Evidence in BMW's favor If you don't have any understanding of how the board Weighed expert. I understand That the court disagrees with me But I see my time has expired Okay We'll restore you back here in three minutes Counselor Spick Did I pronounce that correctly? Yes your honor. Okay. You may proceed Good afternoon your honor May it please the court Cara Speck from Finnegan On behalf of Apelli BMW of North America LLC The patent issue in this case The 814 patent is about remote starting A vehicle and it claims four simple steps First receiving a remote start Signal. Second Activating the climate control system In response to the remote start signal Third activating the parking brake In response to the remote start signal That is the place that the dispute lies Here and then fourth eventually Starting the engine. My opposing counsel Pointed out that there is no dispute That the primary reference relied on by the Petitioner does not disclose Activating the parking brake in response To the remote start signal That is correct. The secondary Reference versal however Does disclose activating the parking brake Albeit in response to a local Start signal. Again that's Undisputed by either side The combination that the petitioner Has its own is taking Hassan's remote start system Steps one, two and Four of the four simple steps Focus on the remote start signal And versal's activation Of the parking brake in response to the Local start signal and based on The substantial evidence provided by the Petitioner and petitioner's expert Dr. Eskandarian concluded that It would have been obvious to activate The parking brake as disclosed by the Secondary reference versal In response to Hassan's remote Start signal in order to Meet all four Limitations of the claims. This is A very simple combination and the Dispute here before this court is Extremely narrow. It's a question of Substantial evidence. Is the Board's conclusion that activating A parking brake in response To a remote start signal was Obvious? And here we have Substantial evidence. My Opposing counsel pointed out that He would like there to be the use of discretion Or some legal error. There is not The only question here is does The board's opinion sufficiently Show that substantial evidence Weighs in favor of supporting their conclusion Why don't we Or how can we know that the Board adequately considered Their expert and Shouldn't we want to know why they rejected Their expert? Yes your honor and we do know It is much more than just a single footnote In the opinion and I want to Refer to appendix page 27 So to start There's much more than just a single footnote We have 11 pages of analysis From the board that appears in appendix pages 20 through 31 In that 11 pages there are no Fewer than 24 citations To the patent owners papers Four citations Directly to Mr. McAlexander's report I'm sorry it's three citations to Mr. McAlexander's Report But every citation The board provided to the patent owner's papers The patent owner's response And the patent owner's sole reply Includes a curated portion Of Mr. McAlexander's report His report does no more than Repeat what's stated in those papers So every time the board cites To the patent owner's response Or to the patent owner's sole reply That's also citing and considering Mr. McAlexander's report But I want to give you two specific examples That show beyond any doubt That Mr. McAlexander Was fully considered So first on page 27 of the joint appendix And this comes from the board's final written decision The board says The patent owner specifically argues And here is a quote A visita would understand That a driver interested in Remote starting of the engine And adjusting the climate within the vehicle Ahead of her ride with the vehicle As an assignment Would not look to a vehicle brake actuation Along with local starting of the engine As a reversal For additional convenience And user satisfaction The board here is quoting directly From Mr. McAlexander's report That's exactly the position that you just heard My opposing counsel present here as well That he believes was ignored It was not ignored, it's a direct quote Out of Mr. McAlexander's Report at paragraph 80 And that's actually from his supplemental report There's another direct quote From Mr. McAlexander's report On page 29 of the joint appendix And this portion of the joint appendix Is from the final written decision Where the board is not just quoting And acknowledging that they've considered the arguments But actually assessing Which side they believe And discrediting Mr. McAlexander In favor of Dr. Eskinderian At the bottom of appendix 29 There's a section Where the board expressly says We are not persuaded by that member's Arguments that Dr. Eskinderian's Lack of knowledge or studies substantiating That rolling away is a natural problem Detracts from his credible testimony And they cite here To Mr. McAlexander's Report paragraph 69 So although not a direct quote If you go to paragraph 69 of Mr. McAlexander's Report, he's saying there that Rolling away is not a natural Problem and there is no benefit To preventing that here He's directly contradicting what Dr. Eskinderian Says. This portion Proves that the board weighed both sides Of the evidence considerably fully And sided with BMW's Expert over Mr. McAlexander To the question of why the board Considered Dr. Eskinderian More credible than Mr. McAlexander We can dig in even further Dr. Eskinderian is clearly The more credible expert here Instead of just conclusory testimony That parrots the Patent owner's papers which is what Mr. McAlexander Provided. Dr. Eskinderian Provided and as the board stated A recent well thought out Opinion that is supported by other Evidence beyond just his testimony At page 38 of our Of Kelly's brief We lay out four pieces Of evidence and the most important one That I want to point you to That gets to both what's the substance of the Disclosure and also why is the So correct that these two would have been combined There's a reference to the Secondary reference in the Combination, the Bursa reference And this Quote also appears in the joint appendix At page 2907 And here the reference States expressly Dr. Eskinderian Relied on and so did the board That activating the parking Brake ensures safety by Avoiding faulty operations And rolling away of the vehicle This is expressed Teaching, suggestion and motivation To combine not simply Conclusory testimony like my opposing Council pointed out was shut down in the Active video case. Here we have Evidence of record, indeed evidence From the references that the Petitioner relied upon that proves This combination is not only correct But that the board has substantial evidence Backing its decision I want to respond Very briefly to my opposing Council's argument about attacking The references separately And I mentioned the In Re Mutet case The In Re Mutet case has another Portion of it It's the appellee's position that Yes, they are attacking the references Separately but also that they're advocating For bodily incorporation Which the patent office found Neither is appropriate And the In Re Mutet case Addresses both The question here is not Would you be able to take The entirety of the Berzog reference And put it into the Hassan Reference, which is what my opponent Is advocating for here and saying that's What the board should have looked to That's not the appropriate legal question The question is when taking the two References as a whole, which the board did In the 11 pages of analysis that it provided Would those references Have suggested to a person With extraordinary skill in the art That a combination would provide benefits Here we have a precise benefit It's not a global safety benefit Like my opponent pointed out We have a precise motivation to combine It's increasing the safety of the vehicle By preventing rolling away And I believe my opposing Council acknowledged that Berzog says Rolling away is a problem And the response that he provided is that yes If it's a problem when you're locally starting the vehicle Well, if it's a problem when you're locally Starting the vehicle, this is what Dr. Eskandarian Opined, would it be an even Bigger problem if the driver Is not in the driver's seat And you're starting the vehicle remotely In that case, it is important To provide that safe And secure starting by securing The parking brake of the vehicle That's the motivation that Dr. Eskandarian Provided, again, page 38 Of our brief has additional evidence That supports Dr. Eskandarian Besides just his testimony And that was the correct decision That's indisputably supported In the record Because That Omega disagrees with the Board's Adoption of BMW's analysis Over its own does not establish That the Board ignored Omega's Arguments about the evidence And analysis, and I want to quote From a case, it's the in-ring invasive Case, cited on page 1551 of our brief 842F1376 The quote comes from pages 1382 and 83 We do not require perfect Explanations, and we will uphold A decision of less than ideal clarity If the agency's path May be reasonably discerned I believe that's the language you were quoting In one of your questions, Judge, as well Here there can be no question that the agency's Path, PTAB's decision, and why It reached that decision can not Just be reasonably discerned based on Imperfect explanations, but they provided A perfect explanation If we're grading papers, this is not a B Minus or a C, this is a Solid A plus paper with 11 pages Of analysis and a mountain of evidence That they relied upon For those reasons, we would ask this Court To affirm the PTAB's decision And if there are no further questions, Your Honors I will yield the remainder of my time Thank you Mr. Shankar, you're back to three minutes Yes, Your Honor, thank you First, I want to point out that all of these references Are not to Mr. McAlexander They're to Pound Office papers Which then put note to Mr. McAlexander's But I think the bigger point here Is the question of Rolling with it And my Opposing counsel has rightly acknowledged Bercel said rolling away is a problem When somebody's in the car, presumably Because when you go to start a manual transmission Car, you put the clutch in, and it rolls That's when you see it there Nothing in the references Say that nothing that Mr. That their expert could come up with Suggested rolling away was a problem In the context of remote starting These are two very different operations Of the vehicle with different concerns I think that In their moving papers In their briefs, they reference the fact That my client had a number of other road start Packs that reference the fact that Wasn't The whole issue of rolling away And remotely starting the car And having that car take off on its own Wasn't that a concern that was Pretty prevalent in the field of art If it is If it is, Your Honor, there's no record of it Other than the B&W There's experts saying it, but they've been able to Not able to identify a single Support for that statement And I think that's our primary point here Is that, sure We can point to, gee, it would be safer If you do this, there's lots of things That might make a vehicle safer, but that doesn't Lead you, necessarily lead you To the solution of the flick patent Unless you had the flick patent at hand And used hindsight reconstruction To get there Your Honor, if the courts have no further questions I'll see you the rest of the time Seeing none, we thank you We thank all the parties for the argument this morning All cases are taken under advisement And this court stands in recess